IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THOMAS P. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:11CV557–HEH |
| ) | |
| ROBERT T. CAWLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Plaintiff's Motion for Leave to File Second Amended Complaint; Plaintiff's Motion to Remand)

This is an action for money damages brought by Thomas P. Cox ("Plaintiff") alleging defamation per se and breach of contract. This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint and Plaintiff's Motion to Remand this Action to State Court. Defendant removed the present case from the Circuit Court for the City of Richmond, Virginia on August 24, 2011. On August 26, 2011, Plaintiff filed a Notice of Voluntary Dismissal in an effort to dismiss a portion of the Amended Complaint. Plaintiff also filed a Motion to Remand, contending that the absence of a federal question deprives this Court of subject matter jurisdiction. The Plaintiff then filed a Motion for Leave to file a Second Amended Complaint, omitting the portion of the complaint that Plaintiff previously sought to dismiss. The parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court, and argument would not aid in the

decisional process. For the reasons discussed herein, Plaintiff's Motion for Leave to File Second Amended Complaint is granted. Upon filing the Second Amended Complaint, this Court no longer has subject matter jurisdiction over the specified claims. Therefore, Plaintiff's Motion to Remand will be granted. This case will be remanded to the Circuit Court for the City of Richmond, Virginia for all further proceedings.

## I.

This defamation and breach of contract action arises out of Plaintiff's employment relationship with Riggs, Counselman, Michaels & Downs, Inc. ("RCMD"), and Robert T. Cawley and John L. McElroy, acting as agents of RCMD (collectively "Defendants"). Plaintiff alleges that he has worked as a licensed insurance agent for over twenty-three years. (Joint Not. Rem. Ex. 13 ¶ 11.) From June 2000 until November 2005, Plaintiff was employed by PhillipsCox Insurance and Financial Services. *Id.* at ¶ 13. In November 2005, RCMD purchased PhillipsCox and recruited Plaintiff to join RCMD. Plaintiff accepted employment and executed an Employment Agreement with RCMD on November 1, 2005. *Id.* at ¶ 15–16.

From November 2005 through January 2009, Plaintiff continued to work for RCMD. According to Plaintiff, however, by January 2009, he had become unhappy and frustrated with a number of management decisions, and he allegedly voiced his concerns to some of his colleagues. *Id.* at ¶ 25–28. Plaintiff alleges that while he "discussed various options in light of his unhappiness with RCMD", he had no intention of leaving RCMD at the time of the events giving rise to this cause of action. *Id.* at ¶26–29. On January 27, 2009, Plaintiff met with Defendant Cawley to discuss his concerns; however,

2

Plaintiff allegedly made clear in a subsequent e-mail to Cawley that he had no intention of leaving RCMD and forming a competing insurance agency. *Id.* at ¶ 30.

According to Plaintiff, in early February, Cawley initiated a scheme to "get rid of [Plaintiff] and destroy [his] reputation by falsely accusing Cox of criminal conduct." *Id.* In furtherance of this scheme, Cawley allegedly met with another employee of RCMD and compiled e-mails that Plaintiff had written in which he discussed the possibility of leaving RCMD. *Id.* at ¶ 32–33. Then on February 18, 2009, Cawley fired Plaintiff and accused him of conspiring with another RCMD employee to steal business from RCMD. *Id.* at 45. Plaintiff's alleged co-conspirator was also terminated on the same day. *Id.* at ¶ 47.

Following Plaintiff's termination, Defendants allegedly published and disseminated to clients defamatory statements about Plaintiff, thereby damaging his reputation. *Id.* at ¶ 58–61. According to Plaintiff, the false accusations made by Defendants have substantially damaged his reputation and negatively impacted his career. *Id.* at ¶63–65.

On October 24, 2009, Plaintiff filed suit against Defendants in the Richmond Circuit Court. (Pl.'s Memo. Supp. Mot. Remand Action State Ct. ¶1.) Defendant McElroy filed a plea in bar and demurrer to the Complaint on July 21, 2010, which was later joined by the remaining defendants. On August 12, 2011, the Circuit Court sustained Defendants' demurrer in part, and on August 17, 2011, Plaintiff filed an Amended Complaint. For the first time, Plaintiff's Complaint referenced a "deferred

compensation plan" included in the employment agreement with Defendants. (Joint Notice Removal Ex. 13 ¶ 20.)

On August 24, 2011, Defendants filed a Notice of Removal, seeking removal on the grounds that the Amended Complaint's breach of contract claim implicates the Employee Retirement Income Security Act ("ERISA"), thereby conferring subject matter jurisdiction. (Joint Notice of Removal at 1.) In response, Plaintiff filed a Notice of Voluntary Dismissal under Rule 41 of the Federal Rules of Civil Procedure in an effort to dismiss any claim related to the deferred compensation plan which might implicate ERISA. Plaintiff also filed a Motion to Remand. On September 6, 2011, Defendant filed a response in opposition to Plaintiff's Motion to Remand. Defendant also opposed Plaintiff's Notice of Voluntary Dismissal. Plaintiff then filed a Motion for Leave to file a second amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure. Defendant again filed an opposition response, contending that Defendants would be prejudiced if Plaintiff is granted leave to amend his complaint. Furthermore, Defendants argue that Plaintiff's motion should be analyzed as a motion to dismiss under Rule 41(a)(2) and dismissed with prejudice. This Court disagrees with Defendants.

## II.

As a threshold matter the Court will address the proper procedural rule under which Plaintiff's request must be analyzed. Before filing the Rule 15 motion to amend, Plaintiff initially filed a notice attempting to voluntarily dismiss the ERISA portions of the First Amended Complaint under Rule 41(a)(1). Defendants have also attempted to

invoke Rule 41(a)(2) as a means for the Court to dismiss the relevant portions of the First Amended Complaint with prejudice.

Despite parties' arguments to the contrary, Rule 15 technically operates as the proper vehicle to accomplish a partial dismissal. Though only in an unpublished opinion, the Fourth Circuit has indicated that Rule 41(a), which addresses voluntary dismissals, applies only when a party seeks to dismiss an entire action, not merely one claim or count. *Skinner v. First Am. Bank of Virginia,* 64 F.3d 659, 1995 WL 507264, at *2 (4th Cir.1995); *see also Iraheta v. United of Omaha Life Ins. Co.,* 353 F.Supp.2d 592, 595 (D. Md. 2005); Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2362 (3d ed.2008) ("[I]t has been held that when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action."). This conclusion is based on the fact that Rule 41(a) applies to dismissal of 'actions,' rather than claims.[1] *Skinner,* 1995 WL 507264, at *2. Consequently, a plaintiff wishing to dismiss one count of a multi-count suit should ordinarily look to Rule 15, which governs amendments to pleadings.

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days of a responsive pleading, or 21 days following service of a motion pursuant to Rule 12(b), (e), or (f), whichever is earlier. Otherwise, Rule 15(a)(2) requires that a party seeking to amend its pleading must obtain the opposing party's written consent, or obtain leave of the court to amend. "The court should freely give leave [to

---

[1] In contrast Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b).
5

amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Supreme Court has held that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would ... [be] futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

### III.

In the present case, Plaintiff seeks leave of the Court for the limited purpose of deleting "any reference to any claim for 'deferred compensation' under any 'Deferred Compensation Plan'." (Pl.'s Mem. Supp. Mot. Leave File Second Am. Compl. at ¶2.] Plaintiff asserts that he does not wish to make any claim under ERISA, and merely wishes to amend his complaint to make this clarification. Additionally, Plaintiff contends that the amendment will not be prejudicial to Defendants. *Id.* at ¶ 2–3.

In response, Defendants argue that they will in fact be prejudiced in the event that this Court grants Plaintiff's motion. In support of their argument, Defendants cite to evidence that this case has been ongoing since 2009 and allege that they have "expended substantial time and attorney's fees litigating this matter." (Opp'n Pl.'s Mot. Leave File Second Am. Compl. [hereinafter "Def. Leave"] at 4.) Further, according to Defendants, they will be prejudiced by Plaintiff's ability to preserve his claim for deferred compensation for "later relitigation". *Id.* at 5.

This Court, however, is not persuaded by Defendants' argument. The Fourth Circuit has clearly established that "leave to amend a pleading should be denied only if

the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."[2] *Laber*, 438 F.3d at 426. Furthermore, the "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980) (citing *Wall v. Chesapeake & Ohio Ry.*, 339 F.2d 434 (4th Cir.1964)).

In the present case, Plaintiff's proposed amendments to his complaint do not add a cause of action or substantially change the theory of recovery. Rather, the amendments simply remove any reference to the deferred compensation claim. While Defendants allege that they have already expended substantial time and resources in litigation, the matter has yet to be scheduled for trial, or even set for an initial pretrial conference. Thus, it is hard to discern how Defendants will in fact be prejudiced by granting Plaintiff leave to amend.

Comparing this case to the Fourth Circuit's opinion in *Ward Electronics Service, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987), it is clear that Defendants have failed to sufficiently allege prejudice. In *Ward*, the Fourth Circuit reversed the district court's denial of leave to amend the complaint, holding that "a change in the theory of recovery and one prior amendment of the complaint are not sufficient to justify denial of leave to amend under the principles of *Foman* and *Davis*."

---

[2] Defendants have not asserted bad faith by the Plaintiffs or futility, and no arguments or evidence has been offered to support such findings.

819 F.2d at 497. The plaintiffs in *Ward* filed their motion for leave just one month before the scheduled close of a two and one-half month discovery period. *Id.*

Although the parties in this matter have ostensibly engaged in some discovery, the fact remains that a discovery cutoff has not yet been set, nor have any other deadlines been fixed. Furthermore, Plaintiff's requested amendments to the complaint merely purport to clarify his claims by excising extraneous language. Plaintiff does not attempt to change the theory of recovery, or add any claims. As noted by Plaintiff, any potential claim under ERISA did not arise until the First Amended Complaint was filed on August 17, 2011. (Pl.'s Reply Rebuttal Defs.' Opp'n Mot. Leave File Second Am. Compl. at 3.) Defendants' allegation of considerable time or resources expended on any ERISA component embedded in Plaintiff's complaint is therefore implausible.

Defendants have similarly failed to convince the Court of any prejudice arising out of Plaintiff's purported ability "to litigate a portion of [the] breach of contract claim now and preserve [the] ERISA claim for deferred compensation for later relitigation." (Def. Leave at 5.) Allowing Plaintiff to amend the complaint will leave Defendants in the same position as if Plaintiff had never referenced the deferred compensation plan in the first place.

The present case differs significantly from *Weinberger v. Retail Credit Co.*, 498 F.2d 552, 555 (4th Cir. 1974), cited by Defendants in support of their argument. In *Weinberger*, the Fourth Circuit affirmed the district court's decision to deny plaintiff's motion for leave to amend by deleting a count in the original complaint. At the time the district court reviewed the motion for leave to amend, the court was also reviewing a

motion for summary judgment. Furthermore, the count that plaintiff sought to drop from the complaint was clearly barred by the statute of limitations. By denying plaintiff's request to amend and granting summary judgment, the district court saved defendants from having to relitigate a claim unmistakably barred by the statute of limitations. *Id.* No such issues present themselves in this case. Thus, it is within this Court's discretion to grant Plaintiff's motion for leave to amend.

## IV.

As a final matter, this Court must determine whether it continues to have subject matter jurisdiction over this case. Under § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

At the time Defendants removed the case, their notice of removal cited Count II of the complaint, which referred to the employee benefit plan, as conferring this court with subject matter jurisdiction. According to Defendants, ERISA preempts state law, providing federal courts exclusive jurisdiction over claims involving employee benefit plans such as the one referenced in Plaintiff's Amended Complaint, and this reference is the sole basis for federal jurisdiction.

Upon granting Plaintiff's motion for leave to file the Second Amended Complaint, Plaintiff no longer alleges facts related to or a claim arising out of an employee benefits plan. Therefore, because it appears that this Court now lacks subject matter jurisdiction, this matter is remanded to state court.

9

## V.

For the reasons state herein, Plaintiff's motion for leave to file a second amended complaint is granted. Plaintiff's motion to remand is also granted.

An appropriate Order shall accompany this Memorandum Opinion.

                                                   /s/
                                     Henry E. Hudson
                                     United States District Judge

Date: Oct. 11, 2011
Richmond, VA